## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WILLIAM J. GARNETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:05-CV-0521-DRB |
| | ) | |
| TRANS UNION LLC and ALLTEL | ) | |
| COMMUNICATIONS | ) | |
| | ) | |
| Defendant. | ) | |

### TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Trans Union LLC (" Trans Union"), one of the Defendants herein, files its Original Answer to the Complaint (the "Complaint") filed by the Plaintiff. The paragraphs numbered below correspond to the paragraph numbers contained in the Plaintiff's Complaint.

1.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.      Trans Union denies that it is incorporated under the laws of Illinois.  Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.  Trans Union admits that it is a foreign corporation authorized to do business within the State of Alabama.

3.      Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act.  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.

4.      Trans Union admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties and is under contract with certain subscribers.

5.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.      Trans Union admits that Jurisdiction is proper in this Court.

8.      Trans Union admits that Venue is proper in the Middle District of Alabama.

## STATEMENT OF THE FACTS

9.      Trans Union restates and incorporates its responses to paragraphs 1 – 8 above.

10.     Trans Union is without sufficient information or knowledge to admit or deny when Plaintiff learned of any alleged inaccuracies on his credit report.  Trans Union denies that it was reporting any inaccurate information on Plaintiff's credit file.

11.      Trans Union admits that Plaintiff has requested his credit report.

12.      Trans Union admits that it sent a copy of his Trans Union credit file to Plaintiff on March 10, 2005.  Trans Union denies that it was reporting any inaccurate information on Plaintiff's credit file.

13.     Trans Union is without sufficient information or knowledge to admit or deny the allegations regarding credit denials or the inability to open a checking account.  Trans

Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

14.    Trans Union admits that it was reporting an Alltell account on Plaintiff's Trans Union credit file.  Trans Union denies that it was reporting any inaccurate information on Plaintiff's Trans Union credit file.

15.    Trans Union admits that Plaintiff, via the internet, submitted a dispute on December 27, 2004 and on March 14, 2005.

16.    Trans Union admits that it sent correspondence to Plaintiff advising him of the investigation results on January 18, 2005 and March 16, 2005.

17.    Trans Union admits that Plaintiff requested a reinvestigation on December 27, 2004 and March 14, 2005.

18.    Trans Union admits that it sent an updated copy of his credit file to Plaintiff on April 2, 2005.

19.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint.

20.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint.

21.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint.

22.    Trans Union denies that it has published or is currently publishing false or inaccurate information regarding Plaintiff.

23.    Trans Union denies that Plaintiff has suffered any damages due to Trans Union's credit reporting practices.

## COUNT ONE

## VIOLATION OF 15 U.S.C. §1681s-2 OF THE FAIR CREDIT REPORTING ACT
## BY DEFENDANT ALLTEL COMMUNICATIONS

24.    Trans Union restates and incorporates its responses to paragraphs 1 – 24 above.

25.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint.

26.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 26 of the Complaint.

27.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 27 of the Complaint.

## PRAYER

Trans Union denies the relief sought by Plaintiff in the prayer of Count One.

## COUNT TWO

## FAILURE TO COMPLY WITH 15 U.S.C. § 1681e(b), §1681(a) and 1681(a)(5) OF THE

## FAIR CREDIT REPORTING ACT AND STATE LAWS

## BY DEFENDANT TRANS UNION

28.    Trans Union restates and incorporates its responses to paragraphs 1 – 28 above.

29.    Trans Union denies the allegations contained in Paragraph 29 of the Complaint.

30.    Trans Union denies the allegations contained in Paragraph 30 of the Complaint.

31.    Trans Union denies the allegations contained in Paragraph 31 of the Complaint.

32.    Trans Union denies the allegations contained in Paragraph 32 of the Complaint.

33.    Trans Union denies the allegations contained in Paragraph 33 of the Complaint.

34.    Trans Union denies the allegations contained in Paragraph 34 of the Complaint.

35.    Trans Union denies the allegations contained in Paragraph 35 of the Complaint.

36.    Trans Union denies the allegations contained in Paragraph 36 of the Complaint.

37.    Trans Union denies the allegations contained in Paragraph 37 of the Complaint.

## PRAYER

Trans Union denies the allegations and relief sought by Plaintiff in the prayer of Count Two.

## COUNT THREE

## FAILURE TO COMPLY WITH 15 U.S.C. §16811b OF THE FAIR CREDIT REPORTING ACT BY DEFENDANTS ALLTEL AND TRANS UNION

38.     Trans Union restates and incorporates its responses to paragraphs 1 – 37 above.

39.     Trans Union denies that it issued a credit report for an impermissible purpose.

40.     Trans Union denies the allegations contained in Paragraph 40 of the Complaint.

41.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint.  Trans Union denies that it issued a credit report for an impermissible purpose.

42.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint.

43.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint. Trans Union denies that it issued a credit report for an impermissible purpose.

44.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint.  Trans Union denies that it issued a credit report for an impermissible purpose.

45.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 45 of the Complaint.  Trans Union denies that it issued a credit report for an impermissible purpose.

869283.1/SP2/83057/0100/062205

46.    Trans Union denies the allegations contained in Paragraph 46 of the Complaint.

## PRAYER

Trans Union denies the relief sought by Plaintiff in the prayer of Count Three.

## COUNT FOUR

## DEFAMATION

47.    Trans Union restates and incorporates its responses to paragraphs 1 – 46 above.

48.    To the extent the allegations contained in paragraph 48 are directed at Trans Union, Trans Union denies such allegations.

49.    To the extent the allegations contained in paragraph 49 are directed at Trans Union, Trans Union denies such allegations.

50.    To the extent the allegations contained in paragraph 50 are directed at Trans Union, Trans Union denies such allegations.

51.    To the extent the allegations contained in paragraph 51 are directed at Trans Union, Trans Union denies such allegations.

## PRAYER

Trans Union denies the relief sought by Plaintiff in the prayer of Count Four.

## COUNT FIVE

## NEGLIGENCE AND WANTONNESS

52.    Trans Union restates and incorporates its responses to paragraphs 1 – 51 above.

53.    Trans Union denies that it was reporting inaccurate information on Plaintiff's Trans Union credit file.

54.    To the extent the allegations contained in paragraph 54 are directed at Trans Union, Trans Union denies such allegations.

55.    To the extent the allegations contained in paragraph 55 are directed at Trans Union, Trans Union denies such allegations.

## PRAYER

Trans Union denies the relief sought by Plaintiff in the prayer of Count Five.

## DEFENSES

56.    Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

57.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

58.    Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

59.    Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

60.    Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

61.   Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

62.   Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act.

63.   Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

64.   Trans Union did not publish false or inaccurate information regarding Plaintiff.

65.   Any statement made by Trans Union regarding Plaintiff was true or substantially true.

66.   Plaintiff failed to mitigate his alleged damages.

67.   At all relevant times, Trans Union has acted under the qualified immunity provided in the Fair Credit Reporting Act.

68.   At all relevant times, Trans Union has acted under a qualified privilege provided in the common law.

69.   Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment and the Due Process Clause of the United States Constitution.

70.   To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

869283.1/SP2/83057/0100/062205

71.    Plaintiff cannot recover because of the doctrine of unclean hands.

72.    Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

73.    Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of Plaintiff, and Alltel Communications and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of the fact.

74.    In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

75.    Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

    **WHEREFORE, PREMISES CONSIDERED**, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

869283.1/SP2/83057/0100/062205

Respectfully submitted,


/s/ Kary B. Wolfe
**KARY BRYANT WOLFE** (WOL016)
WALSTON WELLS ANDERSON & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**ATTORNEY FOR TRANS UNION LLC**



## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 26th of June, 2005, a true and correct copy of the

above and foregoing document has been electronically filed with the foregoing Clerk of

the Court using the CM/ECF system which will send notification of such filing to the

following:

Maceo Orlando Kirkland
mackirkla@cs.com

David Earl Allred
dallred@allredpclaw.com

I hereby certify that I have mailed by United States Postal Service the document

to the following non-CM/ECF participants:

**Alltel Communications**
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109


/s/ Kary B. Wolfe
OF COUNSEL

869283.1/SP2/83057/0100/062205