IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM J. GARNETT         )

      PLAINTIFF,         )

                        )

V.                        )      CASE NO.: 2:05-CV-0521-MEF-DRB

                        )

TRANS UNION LLC AND       )      Jury Trial

ALLTEL COMMUNICATIONS    )

      DEFENDANTS.        )

## AGREED PROTECTIVE ORDER

Pending before the Court is the Parties' Agreed Motion for Protective Order.  After considering said Motion, the Court finds that it should be GRANTED. It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

1.      William J. Garnett has filed this lawsuit (the "Litigation") against Defendants Trans Union LLC and Alltel Communications ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § § 1681 *et seq.* and that Defendants acted with negligence and wantonness and defamed Plaintiff.  In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

2.      As a means of avoiding dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

3.      All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

4.      The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential.  Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

5.      The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order.  At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

6.      The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until

thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

7.    The Parties, their attorneys, or any one else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8.    Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (a) Plaintiff and Defendants; (b) Plaintiff's and Defendants' attorneys; (c) experts or consultants retained by Plaintiff, Plaintiff's attorneys, Defendants, and Defendants' attorneys in preparation for and/or the trial of this action.  Before any Confidential Information is disclosed to an expert or consultant, the expert or consultant must first be provided with a copy of this Order and sign a statement in the form attached hereto as Exhibit A agreeing to be bound by the terms of this Order.

9.    In the event the Parties intend to file Confidential Information with the Court, they shall seal the Confidential Information in an envelope or another appropriately sealed container on which shall be typed a statement in the following form:

CONFIDENTIAL

This envelope [or container] is sealed pursuant to an Order of the Court in accordance with Federal Rules of Civil Procedure. This envelope [or container] contains Confidential Information filed in this action and is not to be opened and the contents hereof revealed, except as permitted by the Agreed Protective Order entered in this cause, a subsequent order of the Court, or pursuant to a stipulation of the parties.

10.    In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an

informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Order. The Confidential Information designation shall be maintained pending disposition of such a motion.

11.    This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential' or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

12.    Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information.  Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

13.    The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

14.    Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

871746.1/SP2/83057/0379/112905

SO ORDERED.

SIGNED this _____day of _____, 2005.


_____
MARK E. FULLER
UNITED STATES DISTRICT JUDGE

871746.1/SP2/83057/0379/112905

**AGREED:**

*Maceo Orlando Kirkland*

**MACEO ORLANDO KIRKLAND**
KIR030
mackirkla@cs.com
**ATTORNEY AT LAW**
423 S. Hull Street, Suite 2-B
Montgomery, AL  36104
334-261-6200
334-261-6201 (Fax)

**ATTORNEY FOR PLAINTIFF**

871746.1/SP2/83057/0379/112105

_____

**DAVID E. ALLRED**
dallred@allredpclaw.com
**DAVID C. ALLRED**
callred@allredpclaw.com
**DAVID E ALLRED, PC**
Post Office Box 241594
Montgomery, AL  36124-1594
334-396-9200
334-396-9977 (Fax)

ATTORNEYS FOR ALLTEL COMMUNICATIONS



**KARY BRYANT WOLFE**
WOL016
**WALSTON WELLS ANDERSON & BIRCHALL, LLP**
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**AMANDA STAMPS LEWIS**
Texas Bar #24013553
amanda.lewis@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, TX  75202
(214) 651-4300
(214) 659-4104 (Fax)

**ATTORNEYS FOR TRANS UNION LLC**

871746.1/SP2/83057/0379/112905

# EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, <u>William J. Garnett v. Trans Union LLC and Alltel Communications</u>, Civil Action No. 2:05-CV-00521-MEF-DRB, which is currently pending in the United States District Court for the Middle District of Alabama, Northern Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.


Dated: _____        Signed: _____

                                    Printed: _____